UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:23-CV-120-CRS

JEFFERY JOHNSON                                                                          PLAINTIFF

v.

CASEY KIMBRO, et al.                                                                  DEFENDANTS

### OPINION & ORDER

This matter is before the court for consideration of several Motions filed by *pro se* plaintiff Jeffery Johnson in this closed case. Seven of the Motions seek reinstatement of this case. DN 23, 24, 25, 26, 28, 29, 34. One seeks an explanation for this court's alleged "involvement in the corruption dismissing this action". DN 30. And one seeks a copy of the entire court file. DN 31. For the reasons below, all the Motions will be denied.

Johnson filed this action on September 5, 2023. DN 1. Simultaneously, he petitioned the court for leave to proceed *in forma pauperis*. DN 3. Upon review of the Petition, the court determined that Johnson had filed at least three civil actions while incarcerated that were dismissed as frivolous or for failure to state a claim upon which relief may be granted, thus statutorily precluding him from proceeding without prepayment of fees. DN 8 at PageID# 55; 28 U.S.C. § 1915(g). The court further analyzed whether the imminent danger exception applied and determined that it did not. DN 8 at PageID# 56–57. Thus, Johnson was ordered to pay the $402 filing fee within 30 days of October 13, 2023. *Id.* at PageID# 58. He was warned that failure to do so would result in dismissal of the action. *Id.*

Ten days later, Johnson filed an "Amended Complaint." DN 10. And seven days after that, Johnson filed a "Supplemental Complaint." DN 16. Johnson, however, never complied with the court's Order to pay the $402 filing fee. Thus, on November 29, 2023, the court dismissed this

action pursuant to FED. R. CIV. P. 41(b) for failure to comply with a prior Order and for failure to prosecute. DN 21 at PageID# 222; DN 22. In so doing, the court explained that Johnson did not demonstrate that "he is in imminent danger of serious physical injury," and thus could not proceed without prepayment of fees. DN 21 at PageID# 222.

In his recent Motions, Johnson argues that Senior U.S. District Judge Joseph H. McKinley dismissed this action to cover up alleged mail fraud perpetrated by staff at the Calloway County Jail. DN 23, 24, 25, 28, 34. Johnson also argues that the exhibits attached to his filings titled "Amended Complaint" and "Supplemental Complaint" demonstrate that he is in imminent danger of serious physical injury, entitling him to proceed without prepayment of fees. DN 26, 29. Johnson's arguments are meritless.

First, Judge McKinley did not dismiss this action. The undersigned did. Again, this action was dismissed because Johnson failed to pay the statutorily required filing fee as directed by prior Order, DN 8, and, thus, for failure to prosecute. Neither Judge McKinley nor the undersigned committed, facilitated, or otherwise contributed to mail fraud of any sort. The court's earlier opinions and orders demonstrate that Johnson's assertions have no basis in fact. DN 8, DN 22.

Second, at the time Judge McKinley denied Johnson's petition to proceed *in forma pauperis*, he meaningfully considered whether Johnson was in imminent danger of serious physical injury and concluded that Johnson was not. And, contrary to Johnson's assertions, nothing in his subsequent filings justified the court in disturbing its earlier finding, as the court noted when dismissing this case. DN 21 at PageID# 222 ("The Court determined that Plaintiff was barred from proceeding without paying the filing fee under 28 U.S.C. § 1915(a) unless he showed that he is in imminent danger of serious physical injury, **which he did not**.") (emphasis added). Thus,

Johnson's Motions to reinstate this case and his Motion for an explanation regarding this court's alleged "corruption" will be denied.

Johnson also moved for a copy of the entire court file. However, if Johnson wants copies of documents, he must pay for them. Thus, his Motion will be denied.

Accordingly, Johnson's Motions, DN 23, 24, 25, 26, 28, 29, 30, 31, and 34, are **DENIED**. Further, the Clerk is **directed** to send Johnson the form for requesting copies should Johnson wish to obtain copies at his own expense.

Finally, given the frivolous nature of Johnson's recent filings, **plaintiff Jeffery Johnson (a/k/a Anthony Cain) is WARNED that future filings in this closed action may be summarily denied, and may result in sanctions being entered against him, including monetary sanctions and filing restrictions.**

IT IS SO ORDERED.

April 4, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*